JUAN VÁZQUEZ VELÁZQUEZ, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; JUAN FONSECA DE JESÚS, Injured Workman.

No. 372. Argued February 24, 1947.—Decided March 26, 1947.

*C. H. Juliá* for petitioner. *Herminio A. Concepción* for injured workman.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Juan Fonseca de Jesús, an injured workman, in whose favor a decision was rendered by the Industrial Commission of Puerto Rico, seeks the dismissal of this proceeding on the ground that it was instituted by the employer, Juan Vázquez Velázquez, after the expiration of the term therefor, and, hence, that this Court lacks jurisdiction. Let us examine the facts.

The Industrial Commission rendered a decision against the petitioner on August 30, 1946, and the parties were notified on September 5. On September 16, the employer sought a reconsideration which was denied by an order of November 20 and notified on that same day to the parties.

Although an appeal in these cases is not authorized by law, the employer filed a notice of appeal in the Industrial Commission on November 22, 1946. Notwithstanding this, on December 20, 1946, the employer filed in the commission a second motion for reconsideration of the original decision and of the denial of the former reconsideration sought, and the commission, on December 27, 1946, rendered the following decision: "The second motion for reconsideration filed by the employer on December 20, 1946, that is, after the term granted by law has expired, is hereby denied."

On January 10, 1947, the employer filed in this Court a petition for review of the three decisions rendered by the Industrial Commission.

In opposition to the dismissal sought, petitioner urges, first, that because of the fact that this Court issued the writ in this case ordering the Commission to send up the original record of the case, the dismissal of the proceeding does not lie; secondly, that since the employer's attorney was absent from Puerto Rico when the Industrial Commission notified

the decision of November 20, 1946, it was not until December 20, when he returned, that he received said notice and then filed his second motion for reconsideration; and, thirdly, that the proceeding is meritorious because "although it is true that it is only understood (*sic*) to review questions of facts . . . . it is no less true that the error committed by the Industrial Commission in weighing the evidence is manifest . . ."

▮▮▮▮ The first two grounds of opposition are untenable. The fact that this Court issued a writ of review does not mean that any interested party may draw our attention to the fact that we lack jurisdicion to take cognizance of the case. We could *motu proprio* raise the jurisdictional question and hear the parties before deciding it. The absence of petitioner's attorney from Puerto Rico, when he was notified of the decision of November 20, 1946, does not excuse him either from complying with the provisions of the Workmen's Accident Compensation Act (Act No. 45 of April 18, 1935),[1] which prescribes in the second paragraph of § 10 and in § 11 (as amended by Act No. 121 of May 2, of 1940), the following:

"Section 10.—*    *    *    *    *    *    *

"If the case is set for hearing by a commissioner, the hearing shall be held in the locality where the accident occurred or in any other place that the Industrial Commission may designate, and the decision of the commissioner, together with a statement of the evidence and his finding of facts, rulings of law, and other matters pertinent to the questions brought before him, shall be filed with the Industrial Commission for its decision; *Provided,* that the Commission may *motu proprio* or on request of an interested party, reconsider its decisions; *And provided, further,* That in this last case, the petition for reconsideration must be filed within ten (10) days after the date on which the interested person is notified of the decision of the Commission.

"Section 11.—Any interested party may present certified copies of an order or decision of the Industrial Commission, in accordance with this Act, against which a petition for review has been filed

---

[1] The fact that he should have, erroneously, filed an appeal in the Industrial Commission had no legal effect whatsoever, inasmuch as such an appeal is not authorized by law. Petitioner himself must have so understood, since he took no further step in respect to said notice of appeal.

and a decision rendered thereon, a review of which before the Supreme Court of Puerto Rico may be requested within the term of fifteen (15) days after notification thereof; *Provided*, that said review may be granted only on questions of law, or upon appreciation of the evidence when such evidence is of an expert nature.''

■■■ The Industrial Commission having denied the first motion for reconsideration presented by the employer on November 20, 1946, and the employer and his attorney having been notified on that same day, it is obvious that the second motion for reconsideration of December 20, 1946, was filed by the employer after the expiration of the 10-day period granted by § 10, *supra,* for requesting a reconsideration, and, similarly, that the petition for review of January 10, 1947, was also filed in this Court after the 15-day period fixed by § 11, *supra,* had expired. Consequently, we are bound to conclude that the Industrial Commission did not err in denying the second motion for reconsideration and, furthermore, that since the present proceeding was instituted fifty-one days after the employer's attorney was notified of the decision of November 20, 1946, we lack jurisdiction to continue entertaining it because the decisions rendered by the Industrial Commission have become final (*firmes*).

The writ issued must be discharged and the proceeding dismissed.